UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RUTH E. INLOW and RAYMOND D. INLOW, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:20-cv-156 |
| J.B. HUNT TRANSPORT SERVICES, INC. and THOMAS P. OSTAVITZ, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Come now the Plaintiffs, Ruth E. Inlow and Raymond D. Inlow, by counsel, and file their *Complaint for Damages and Request for Jury Trial* against the Defendants, J.B. Hunt Transport Services, Inc. and Thomas P. Ostavitz, and in support thereof, state and allege as follows:

**I. PARTIES**

1. At all times relevant herein, the Plaintiff, Ruth E. Inlow was a citizen of Ripley County, Indiana, and married to Raymond D. Inlow, her husband.

2. At all times relevant herein, the Plaintiff, Raymond D. Inlow, was a citizen of Ripley County, Indiana, and was married to Ruth E. Inlow, his wife.

3. At all times relevant herein, the Defendant, J.B. Hunt Transport Services, Inc. ("J.B. Hunt") was incorporated under the laws of the State of Arkansas and maintained a principal executive office at 615 J.B. Hunt Corporate Drive, Lowell, Arkansas. J.B. Hunt is a citizen of the State of Arkansas and regularly operates its transport business throughout the continental United States, including having significant contacts within the State of Indiana.

4. At all times relevant herein, the Defendant, Thomas P. Ostavitz ("Ostavitz"), was a citizen of Campbell, Ohio, and an agent, servant, representative, and employee of J.B. Hunt acting in the scope of his employment with J.B. Hunt.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action as there exists complete diversity among the parties and the amount of controversy exceeds $75,000.00 in accordance with 28 U.S.C.A § 1332. Plaintiffs are citizens of the State of Indiana; J.B. Hunt is a citizen of the State of Arkansas; and Ostavitz is a citizen of the State of Ohio. This Court has personal jurisdiction over the parties to this lawsuit and the exercise of personal jurisdiction by this Court over all Defendants comports with traditional notions of fair play and substantial justice.

6. Venue is proper in the United States District Court, Southern District of Indiana, New Albany Division, because the motor vehicle crash giving rise to this litigation occurred in Ripley County, which is located in the judicial district of the United States District Court, Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C.A § 1391.

## III. FACTS

7. On July 17, 2018, at approximately 2:16 p.m., Ruth E. Inlow ("Inlow") was lawfully operating her vehicle ("Inlow Vehicle") westbound on State Road 46 through its intersection with State Road 101 ("Subject Intersection") in Ripley County, Indiana, and possessed the legal right-of-way. Her husband, Raymond D. Inlow, was a front seat passenger in the Inlow Vehicle.

8. At approximately the same place and time, Ostavitz was negligently operating a semi tractor-trailer in the course and scope of his employment with J.B. Hunt ("J.B. Hunt Semi") northbound on State Road 101, when he negligently disregarded and failed to stop at the stop sign

for his travel lane at the Subject Intersection causing the J.B. Hunt Semi to crash into the lawfully traveling Inlow Vehicle ("Crash").

9. As a direct and proximate result of Ostavitz' negligent actions and omissions, the Plaintiffs, and each of them: (a) sustained personal and permanent injuries; (b) incurred medical expenses: and (c) suffered pain and mental anguish as a result of their own injuries.  Plaintiffs' injuries and damages are ongoing and will continue into the future.

10. As a direct and proximate result of Ostavitz' negligent actions and omissions, the Plaintiffs, married as husband and wife, have lost the support, services, and companionship of each other.

11. At all times relevant herein, Ostavitz was negligently operating the J.B. Hunt Semi in the course and scope of his employment with J.B. Hunt; therefore, J.B. Hunt is vicariously liable to Plaintiffs for the negligent actions and omissions of Ostavitz, as set forth herein, under the doctrine of respondeat superior.

## IV. COUNT I – NEGLIGENCE

12. Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

13. At all times relevant herein, Ostavitz had a duty to exercise reasonable care in the operation of the J.B. Hunt Semi.

14. At all times relevant herein, Ostavitz failed to exercise reasonable care, breached his duty of care in the operation of the J.B. Semi, and was negligent for, among other reasons:

    a. Failing to maintain a proper lookout;

    b. Failing to maintain proper control of the J.B. Hunt Semi;

    c. Failing to obey the stop sign;

    d. Disregarding the stop sign;

    e. Failing to yield the right-of-way to the Inlow Vehicle;

    f. Speeding too fast for the conditions of the J.B. Hunt Semi and its surroundings;

    g. Failing to operate the J.B. Hunt Semi in a safe and reasonably prudent manner;

    h. Operating the J.B. Hunt Semi while it was over the weight allowed by Indiana law in violation of Indiana Code § 9-20-4-1; and

    i. Other negligent actions and omissions.

15. At all times relevant herein, J.B. Hunt failed to exercise reasonable care, breached its duties, which were in addition to those of Ostavitz, and was negligent for, among other reasons:

    a. Permitting the J.B. Hunt Semi to be operated while it was over the weight allowed by Indiana law in violation of Indiana Code 9-20-4-1;

    b. Negligently entrusting the J.B. Hunt Semi to Ostavitz despite having actual knowledge of his inability to exercise reasonable care in its operation;

    c. Other negligent actions and omissions.

16. Some or all of the Defendants' negligent acts and omissions were violations of Indiana statutes and/or ordinances that were designed to protect the class of persons in which Plaintiffs were included against the risk of harm which occurred as a result of the violations and, therefore, constitute negligence *per se* under Indiana law.

17. As a direct and proximate result of Defendants' negligent actions and omissions as set forth herein, Plaintiffs, and each of them (a) sustained personal and permanent injuries; (b) incurred medical expenses; and (c) suffered pain and mental anguish as a result of their own injuries. Plaintiffs' injuries and damages are ongoing and will continue onto the future.

18. As a direct and proximate result of Defendants' negligent actions and omissions, the Plaintiffs have lost the support, services, and companionship of each other.

19. All of the negligent actions and omissions as set forth herein occurred while Ostavitz was in the course and scope of his employment with J.B. Hunt; therefore, J.B. Hunt is vicariously liable to Plaintiffs for their injuries sustained and damages incurred proximately caused by the negligent actions and omissions of Ostavitz under the doctrine of respondeat superior.

20. All of the negligent actions and omissions as set forth herein by J.B. Hunt are in addition to those of Ostavitz; and J.B. Hunt is liable to Plaintiffs for their injuries and damages incurred proximately caused by Ostavitz and J.B. Hunt's own negligent actions and omissions.

## V. COUNT II – PUNITIVE DAMAGES

21. Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

22. At all times material to this Complaint, Defendants each acted with malice, fraud, gross negligence or oppressiveness which was not the result of mistake of fact or law, honest error of judgment, overzealousness, mere negligent or other human failing.

23. At all times material to this Complaint, Ostavitz operated the J.B. Hunt Semi while hauling an illegal and substantially overweight load at the time of the crash which he knew would increase the time and distance to stop the J.B. Hunt Semi and pose a danger to other motorists.

24. At all times material to this Complaint, J.B. Hunt knew that Ostavitz was operating the J.B. Hunt Semi while hauling an illegal and substantially overweight load at the time of the crash which it knew would increase the time and distance to stop the J.B. Hunt Semi and pose a danger to other motorists.

25. At all times material to this Complaint, Defendants each recognized the danger caused by their respective actions and consciously disregarded it, justifying an award of punitive damages against each of them.

WHEREFORE, Plaintiffs, Ruth E. Inlow and Raymond D. Inlow, by counsel, pray for judgment against the Defendants, J.B. Hunt Transport Services, Inc. and Thomas P. Ostavitz, in an amount sufficient to compensate them for their injuries and damages, plus the costs of this action, punitive damages, and for all other relief just and proper in the premises.

## VI. JURY DEMAND

Come now the Plaintiffs, Ruth E. Inlow and Raymond D. Inlow, by counsel, and hereby request trial by jury in this matter.

Respectfully submitted,

STEPHENSON RIFE LLP

 /s/ M. Michael Stephenson
M. Michael Stephenson, Attorney No. 1824-73
Dennis E. Harrold, Attorney No. 7502-73
2150 Intelliplex Drive, Suite 200
Shelbyville, Indiana 46176
Telephone:    (317) 680-2011
Facsimile:    (317) 680-2012
MikeStephenson@SRTrial.com
DennyHarrold@SRTrial.com

Neil R. Comer
COMER & ERTEL
115 West Ripley Street
Osgood, IN  47037
Telephone:    (812) 689-4444
ComerLawOffice@aol.com

*Counsel for Plaintiffs, Ruth E. Inlow and Raymond D. Inlow*

{02013135-1}                                6